UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:22-CV-01864-RGK-KK | Date | December 13, 2022 |
|---|---|---|---|
| Title | *Diane Gonzales, et al v. Total Longterm Care, Inc.* | | JS6 |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 13]

On July 25, 2022, Diane Gonzales ("Plaintiff"), on behalf of herself and others similarly situated, filed a class action complaint in state court against her former employer, Total Longterm Care, Inc. ("Defendant"). The complaint alleges a single claim for Violation of 15 U.S.C. §§ 1681(b)(2)(A), Fair Credit Reporting Act ("FCRA"), based on allegations that Defendant did not provide legally compliant disclosure and authorization forms to Plaintiff and the FCRA class, in relation to background checks obtained for employment purposes. On October 24, 2022, Defendant removed the action to federal court. Plaintiff now moves to remand this action to state court. Upon review of the parties' arguments and relevant law, the Court finds remand is appropriate.

The Court finds, and the parties agree, that the Court lacks federal subject matter jurisdiction. Plaintiff alleges only a procedural violation, without any injury-in-fact that satisfies Article III's "case and controversy requirement." *See Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). However, while Plaintiff seeks remand of the action, Defendant argues that the appropriate remedy is dismissal of the action. Defendant is wrong.

The FCRA authorizes vindication of rights under the statute in either federal or state court. *See* 15 U.S.C. § 1681p. While California has its own standing requirements, unlike the U.S. Constitution, the California Constitution contains no "case-or-controversy" clause. *See Grosset v. Wenaas*, 42. Cal. 4th 1100, 1117, n.13 (2008). Therefore, even if Plaintiff lacks standing to assert her FCRA right in federal court, she is not precluded from asserting this right in state court, as long as she can satisfy the state court's justiciability requirements. This determination is properly made by the state court itself.

Based on the foregoing, the Court **grants** Plaintiff's Motion to Remand. The action is remanded to state court in its entirety.

**IT IS SO ORDERED.**

cc: San Bernardino Superior Court, CIVSB2216121

| | : |
|---|---|
| Initials of Preparer | JRE/v |